UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>FOR AND ON BEHALF OF THE<br>GOVERNMENT OF NEW ZEALAND<br><br>Applicant,<br><br>v.<br><br>ALL FUNDS HELD ON BEHALF OF LIANG<br>HAN SHIH IN AN ACCOUNT IN THE NAME<br>OF KNOW-ALL GROUP LIMITED AT<br>FC STONE FOREX LLC, ACCOUNT NO.<br>FCFX150<br><br>Respondent. | Misc. No.: 07-270 |

## EX-PARTE APPLICATION FOR RESTRAINING ORDER PURSUANT TO
## 28 U.S.C. § 2467(d)(3)(B)(ii) AND 18 U.S.C. § 983(j)

The United States of America, by and through its undersigned attorneys, respectfully requests that this Court issue a restraining order pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii) and 18 U.S.C. § 983(j)(1)(A), to enforce a restraining order issued by the High Court of New Zealand, Auckland Registry, to freeze assets owned or controlled by Liang Han Shih or Know-All Group Limited. Exhibit A, June 12, 2007 New Zealand Restraining Order. Pursuant to Article 5 of the United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances ("Vienna Convention"), 20 Dec. 1998, 28 I.L.M. 493, the United States has an obligation to assist other signatories in the preservation of assets subject to forfeiture.[1] This application is made pursuant to a request by the Attorney General of New Zealand to enforce a New Zealand court order restraining the captioned assets. The Assistant Attorney

---

[1] The Vienna Convention was ratified by New Zealand on 16 December 1998 and the United States on 20 February 1990.

General has certified the New Zealand Court's order for enforcement and the United States respectfully requests that a restraining order be issued by this Court and remain in place until criminal and forfeiture proceedings in New Zealand have been concluded.

**FACTS**

Liang Han Shih ("Shih") is the manager of Know-All Group Limited ("Know-All"), a financial institution operating in New Zealand. Shih has been charged with money laundering in New Zealand on the basis that Know-All is a front for laundering drug proceeds. In 2004, Know-All purchased checks on behalf of known drug dealers and did not record the transactions in violation of New Zealand law. In 2006, New Zealand police linked Shih to one Kin Tac Voong ("Voong"), a suspected importer of methamphetamine. Shih and Voong discussed money laundering activities in coded phone conversations intercepted by New Zealand authorities. When interviewed by the New Zealand authorities, Shih initially claimed that his only source of income was the $100 to $200 a day he earned in fees received for transferring money overseas.

Shih later claimed that he engaged in currency speculation and earned a living that way. However, Shih's currency trading account showed only purchases of foreign currency, namely, over $4.8 million over a three-year period, and no sales of currency generating any revenue or income. Inquiries with ASB Bank in New Zealand showed that both Shih and Know-All staff members deposited business-related checks into an ASB account in Shih's own name, thus commingling Shih's personal finances with those of Know-All, and that these accounts showed the movement of "inexplicably large amounts of money." Shih's "currency speculation" account was located at OM Financial Limited, another New Zealand financial entity. In 2006 Shih sent $740,000 to account number 2552180, held in the name of FCStone, at Harris Bank N.A.,

Chicago in five separate wire-transfers of $50,000 or more.[2] The funds for the transfers were sent from Shih's ASB Bank account to Shih's OM Financial account, and from there to Harris Bank, Chicago for the further benefit of Know-All account number FCFX150 at FCStone.

On December 19, 2006, police searched the premises of Know-All, finding over $2.5 million New Zealand dollars in currency as well as an undisclosed amount of foreign currency. Given that Shih's low legitimate income and his connection to drug offenders, New Zealand authorities had reason to believe that the money Shih sent overseas was in fact laundered drug proceeds. New Zealand authorities charged Shih with four counts of money laundering (§ 243(2), Crimes Act, 1961) and eleven counts of possession with intent to money launder (§ 243(3), Crimes Act, 1961). On June 12, 2007 the High Court at Auckland issued an ex-parte restraining order against Shih's assets in the United States and specifically Know-All account number FCFX150 at FCStone. Exhibit A.

## DISCUSSION:

The authorities of New Zealand, in a mutual legal assistance request to the United States, seek the enforcement of a June 12, 2007 New Zealand restraining order against assets within the jurisdiction of the United States to satisfy a confiscation order that may ultimately be made in the New Zealand Criminal case. *See* Exhibit A. In the instant application, the United States seeks to restrain the following assets owned or controlled by Shih, namely, an account in the name Know-All Group Limited at FC Stone Forex LLC, account number FCFX150. Based on the

---

[2] The United States Attorney's Office for the Northern District of Illinois obtained the FCStone account records pursuant to 28 U.S.C. § 1782(a) for the Government of New Zealand. Those records indicate that in 2006, separate wires of $100,000, $50,000, $250,000, $100,000, $100,000 and $140,000 were sent to the Know-All FCStone account from Shih's OM Financial account in New Zealand.

information submitted by New Zealand, which, for purposes of this Application, the United States asks the Court to accept as true, Liang Han Shih is the true beneficial owner of the above named account. Shih is the manager of Know-All Group Limited, where the funds originated, and he is also the owner of the intermediary account, at OM Financial, through which the funds were laundered and from where the funds were transferred to the United States.

1. <u>Subject Matter Jurisdiction Over the Legal Assistance Request</u>

Section 2467 of Title 28 permits the United States to enforce foreign forfeiture orders and judgments from any foreign nation that is a party the Vienna Convention. 28 U.S.C. § 2467(a)(1). New Zealand is signatory to the Vienna Convention. *See* Note 1, *Supra*.

2. <u>Statutory Authority Exists to Restrain these Assets</u>

The assistance sought by New Zealand is permissible under U.S. law. Specifically, 28 U.S.C. § 28 U.S.C. § 2467(d)(3) provides:

> (A) To preserve the availability of property subject to a foreign forfeiture or confiscation judgment, the Government may apply for, and the court may issue, a restraining order pursuant to section 983(j) of title 18, United States Code, at any time before or after an application is filed pursuant to subsection (c)(1).
>
> (B) The Court, in issuing a restraining order under Subparagraph (A) –
> . . .
> (ii) may register and enforce a restraining order that has been issued by a court of competent jurisdiction in the foreign country and certified by the Attorney General pursuant to subsection (b)(2).

Further, the requisite Attorney General certification of a foreign order is non-reviewable.

> The Attorney General or the designee of the Attorney General shall determine whether, in the interest of justice, to certify the request, and such decision shall be final and not subject to either judicial review or review under subchapter II of chapter 5, or chapter 7, of title 5 (commonly known as the "Administrative Procedure Act").

28 U.S.C. § 2467(b)(2). On June 15, 2007, the Assistant Attorney General for the Criminal Division, Alice S. Fisher, certified that it was in the interest of justice to seek the enforcement of the New Zealand restraining order at issue.[3] *See,* AAG Certification, Exhibit B.

The pre-judgment restraint provisions were intended to "permit . . . the government to seek a restraining order to preserve the availability of property subject to [a foreign] forfeiture or a confiscation judgment" under Section 2467. *Senate Committee on the Judiciary, Section by Section Analysis, USA PATRIOT Act, Section 323*. To accomplish this, Congress referenced 18 U.S.C. § 983(j) as setting forth the basic procedures for obtaining restraining orders for Section 2467 cases where the U.S. is not certifying a foreign restraint order under Section 2467(d)(3)(B)(ii).[4] However, here we have a restraining order issued by a court of competent jurisdiction in a foreign jurisdiction that can be fully recognized. Section 983(j) provides for restraining orders to be entered on an *ex parte* basis. Notwithstanding that assets covered by this request are located outside this district, venue for this application is nonetheless appropriate before this Court. 28 U.S.C. § 2467(c)(2)(B) ("venue shall lie in the district court for the District of Columbia . . ."). New Zealand has instituted criminal proceedings against Shih for completed and attempted money laundering violations. Once that criminal case is concluded, then any

---

[3] On March 9, 2006, the Attorney General Alberto R. Gonzales delegated his authority under Title 28, United States Code, Section 2467 to the Assistant Attorney General for the Criminal Division.

[4] When entering a restraining order based on foreign evidence and not a foreign court order, Congress's reference to the procedures in Section 983(j) was intended to ensure that applications to obtain restraints for foreign governments were held to the same standards as restraining orders obtained by the United States for domestic forfeiture cases.

proceeds of those offenses are subject to confiscation or forfeiture under New Zealand law, and this Court will be able to enforce such a judgment under 28 U.S.C. § 2467(c)(1).

3. <u>The Requirements For Recognizing a Foreign Restraining Order Have Been Met</u>

The basic requirements for filing an Application for restraint under Section 2467(a) have been met. In issuing a restraining order this Court "may register and enforce a restraining order that has been issued by a court of competent jurisdiction in the foreign country and certified by the Attorney General . . . ." *See* 28 U.S.C. § 2467(d)(3)(B). Here we have a restraining order issued by a court of competent jurisdiction that has been certified by the Attorney General's designee as authorized by Section 2467(b)(1), Assistant Attorney General Alice S. Fisher. *See* Exhibit B.

The Governments of New Zealand and the United States are parties to the Vienna Convention, a treaty that imposes cooperation obligations in criminal matters of this type and enjoy cooperative law enforcement relations. Moreover, the money laundering offenses charged under New Zealand law are violations "of foreign law that would constitute a violation or offense for which property could be forfeited under Federal law if the offense[s] were committed in the United States."[5] 28 U.S.C. § 2467(a)(2)(A). New Zealand authorities have charged Shih with conduct that would constitute violations of 18 U.S.C. § 1957 had the financial transactions taken place in the United States. The funds laundered by Shih would be the proceeds of "specified unlawful activity," namely, sales of imported methamphetamine, a controlled substance, which is a violation of the Controlled Substances Act, *see* 21U.S.C. §841(a) and (b)(1)(A)(viii) or

---

[5] Indeed, the particular conduct alleged may well give rise to independent violations under U.S. law and may well constitute the basis for U.S. law enforcement to proceed under its own domestic investigation.

(b)(1)(B)(viii). Violations of the Controlled Substances Act are "specified unlawful activity" by operation of 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(A). The financial transactions described in New Zealand involve "monetary transactions" that exceeded $10,000 in value through a "financial institution" as is required by 18 U.S.C. §1957(a) and (f)(1). Finally, Shih knew that the monetary transactions involved the proceeds of unlawful activity, the final element of the 1957 offense. 18 U.S.C. § 1957(a).

## Conclusion

Therefore, the United States respectfully requests that, at the request of the Government of New Zealand, and consistent with treaty obligations under Article 5 of the Vienna Convention, this Court enter a restraining order against the captioned funds pursuant to this Court's authority under Title 28, United States Code, Section 2467(d)(3)(B)(ii). The United States will promptly request through the appropriate legal assistance channels that the true owners of the captioned funds be served with a copy of the order of this Court. Additionally, the United States may seek to amend this order if additional U.S. assets become known to the government of New Zealand.

Respectfully submitted,

RICHARD WEBER, CHIEF
ASSET FORFEITURE AND
   MONEY LAUNDERING SECTION

BY: ADDY J. DE KLUIVER  (LA BAR # 20163)
Senior Trial Attorney
   and
LINDA M. SAMUEL  (DC BAR # 388970)
Deputy Chief
Asset Forfeiture and Money Laundering Section
U.S. Department of Justice

Criminal Division
1400 New York Avenue, N.W.,
Washington, D.C. 20530
Telephone:   (202) 514-1263
Fax:         (202) 514-5522

Attorneys for Applicant
UNITED STATES OF AMERICA

Exhibit A

IN THE H... COURT OF NEW ZEALAND
AUCKLAND REGISTRY

CIV 2006-404-7912

IN THE MATTER    of an application under the Proceeds of Crime Act 1991

BETWEEN    THE SOLICITOR-GENERAL OF NEW ZEALAND

Applicant

AND    SHIH LIANG HAN of 13 Ervine Place, Pakuranga, Auckland

Respondent

---

# THIRD EX PARTE RESTRAINING ORDERS
# DATED 12 JUNE 2007

---

S J EISDELL MOORE
CROWN SOLICITOR
AUCKLAND

Tel: 336 7500
Fax: 336 7629
PO Box 2213
DX CP 24063
D G Johnstone



**THIRD EX PARTE RESTRAINING ORDERS**
**BEFORE THE HONOURABLE JUSTICE CLIFFORD**
**Dated 12 June 2007**

**UPON READING** the third ex parte notice of application for restraining orders dated 12 June 2007 and the affidavit of Stephen Llewellyn Peat in support sworn 12 June 2007 **THIS COURT ORDERS** under sections 41 and 42(1)(a) and (b) of the Proceeds of Crime Act 1991 **(the Act)** that:

1   All property held (as at the date of this order) by or on behalf of the respondent (SHIH Liang Han) or Know-All Group Limited in the United States of America, and in particular all funds held on behalf of the respondent or Know-All Group Limited by FCStone Forex LLC including bank accounts numbered FSFX150 (or FCFX150) held in the name of Know-All Group Limited, shall not be disposed of or otherwise dealt with by any person.

BY THE COURT

R. Nagra

SEALED at Auckland this 12th day of June 2007

Exhibit B

Requesting County: New Zealand
District: D. D.C.
CTS Number: 200071349

---

To be completed by the Assistant Attorney General, Criminal Division,
Re: Certification of Foreign Restraining Order for Domestic Enforcement

---

## ASSISTANT ATTORNEY GENERAL DECISION

Re: Certification of a Foreign Restraining Order from New Zealand Pursuant to 28 U.S.C. § 2467(b)(2) in the Matter of Liang Han Shih

**DECISION:**

The June 12, 2007 request of New Zealand for domestic enforcement of the restraining order issued by the High Court of New Zealand, Auckland Registry, against the assets of Liang Han Shih is hereby CERTIFIED to be in the interest of justice.


_____          6/15/07
Alice S. Fisher                     Date
Assistant Attorney General
Criminal Division