UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>FOR AND ON BEHALF OF THE<br>GOVERNMENT OF NEW ZEALAND<br><br>Applicant,<br><br>v.<br><br>ALL FUNDS HELD ON BEHALF OF LIANG<br>HAN SHIH IN AN ACCOUNT IN THE NAME<br>OF KNOW-ALL GROUP LIMITED AT<br>FC STONE FOREX LLC, ACCOUNT NO.<br>FCFX150<br><br>Respondent. | Misc. No.: 07-MC-270 |

## EX-PARTE APPLICATION TO VACATE RESTRAINING ORDER

The United States of America, by and through its undersigned attorneys, respectfully requests that this Court vacate the restraining order previously issued by this Court in this case on June 27, 2007. *See* Exhibit 1. The order was issued pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii) to enforce a restraining order issued by the High Court of New Zealand, Auckland Registry, which freezes assets owned or controlled by Liang Han Shih or Know-All Group Limited. *Id.* The New Zealand Order was issued as part of the New Zealand government's prosecution of Shih on criminal charges of laundering the proceeds of narcotics trafficking.

The United States recently was advised by New Zealand authorities that Shih died of natural causes on July 24, 2007. With the death of the defendant, the New Zealand prosecution can no longer continue. The New Zealand restraining order over Shih's property, including the funds restrained in the United States, will expire on August 12, 2008. Accordingly, due to the dismissal of the foreign criminal matter, the United States moves this Court for an order vacating

the restraining order previously issued, as the there can be no criminal forfeiture judgment forthcoming against Shih that the United States can execute on behalf of New Zealand. The United States will promptly request through the appropriate legal assistance channels that the true owners of the captioned funds be served with a copy of this Court's new order.

                                    Respectfully submitted,

                                    RICHARD WEBER, CHIEF
                                    ASSET FORFEITURE AND
                                        MONEY LAUNDERING SECTION

                                    BY:  ADDY J. DE KLUIVER  (LA BAR # 20163)
                                    Senior Trial Attorney
                                    LINDA M. SAMUEL  (DC BAR # 388970)
                                    Deputy Chief
                                    Asset Forfeiture and Money Laundering Section
                                    U.S. Department of Justice
                                    Criminal Division
                                    1400 New York Avenue, N.W.,
                                    Washington, D.C. 20530
                                    Telephone:   (202) 514-1263
                                    Fax:             (202) 514-5522

                                    Attorneys for Applicant
                                    UNITED STATES OF AMERICA

# Exhibit 1

**FILED**
JUN 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> FOR AND ON BEHALF OF THE ) <br> GOVERNMENT OF NEW ZEALAND ) <br> ) <br> Applicant, ) <br> ) Misc. No.: 07-270 <br> v. ) <br> ) <br> ALL FUNDS HELD ON BEHALF OF LIANG ) <br> HAN SHIH IN AN ACCOUNT IN THE NAME ) <br> OF KNOW-ALL GROUP LIMITED AT ) <br> FC STONE FOREX LLC, ACCOUNT NO. ) <br> FCFX150 ) <br> ) <br> Respondent. ) <br> _____ ) | |

## ORDER

This matter having come before this Court on the *ex parte* application of the United States of America for a restraining order pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii) and 18 U.S.C. § 983(j), which provides courts with jurisdiction to enter restraining orders and take such other action in connection with any property or other interest subject to forfeiture in a foreign proceeding to ensure its availability for forfeiture; and

IT APPEARING TO THE COURT THAT:

1. This court has jurisdiction of the subject matter of this case, and pursuant to 28 U.S.C. § 2467(c)(2)(B), venue is appropriate in the United States District Court for the District of Columbia.

2. The Assistant Attorney General of the Criminal Division of the United States Department of Justice, being duly authorized, has certified that it is in the interest of justice to enforce the restraint order issued by the High Court of New Zealand, Auckland Registry, dated

12 June 2007, attaching all the U.S. assets of Liang Han Shih ("Shih") and the company managed by him, Know-All Group Limited.

3. The order restrains all assets of Shih and the company managed by him, Know-All in account number FCFX150 in the name of Know-All Group Limited at FCStone Forex LLC (the "Property").

4. The captioned account in the name of the Know All Group Limited at FCStone Forex LLC is under the control of and owned by Shih or persons acting at his direction in concert with him.

5. The restraining order issued by the High Court establishes that criminal proceedings are pending in New Zealand that will likely result in the entry of a forfeiture or confiscation judgment against assets of Shih and Know-All Group Limited as the proceeds of or property involved in laundering drug proceeds.

6. The Governments of the United States and New Zealand are parties to the United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances that creates an international legal obligation to assist one another in forfeiture matters related to drug offenses and related money laundering offenses.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 28 U.S.C. § 2467(d)(3) (B)(ii) and 18 U.S.C. § 983(j) THAT:

1. The restraining order issued by the High Court of New Zealand, Auckland Registry, dated 12 June 2007, shall hereby be given effect.

2. The Property appearing in the caption of this Order is RESTRAINED.

3.  All persons, including Shih and Know-All Group Limited, their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and anyone in possession of or holding any interest in the Property, be and are hereby ENJOINED AND RESTRAINED from selling, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of (by transfer of stock or otherwise) or removal from the jurisdiction of this Court, any interest, direct or indirect, in the Property, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order and except that, in accordance with 28 U.S.C. § 2467(d)(3)(C), no person may object to this order on the grounds that it is the subject of parallel litigation involving the same Property pending in a foreign court.

4.  The terms of this Order shall remain in full force and effect until the New Zealand criminal case initiated against Shih is concluded and any forfeiture judgment obtained therein has been satisfied or until further order by this Court.

5.  The United States, may serve a copy of the this Order on the affected financial institution by facsimile, and pursuant to Rule 4(f) of the Federal Rules of Civil Procedure to the extent applicable, shall provide a copy of the Court's Order upon any identifiable persons holding any legal interest in the Property, including: Shih and Know-All Group Limited.

6.  The affected financial institution shall disclose to the United States the exact amount on deposit or the approximate market value of any assets not held in currency on the date

the assets are frozen by the financial institution, or at any time thereafter when requested to do so by the United States as long as this Order remains in place.

Dated this 27 day of June, 2007.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
United States District Court for the
District of Columbia